UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN KERR

CIVIL ACTION

VERSUS

NUMBER 3:11-cv-113-FJP-CN

STATE FARM FIRE & CASUALTY COMPANY

**<u>RULING</u>**

This matter is before the court on a motion to remand filed by John Kerr (hereafter Kerr) and opposed by State Farm Fire & Casualty Company (hereinafter State Farm).[1] For the reasons which follow, the Court finds that Kerr's motion to remand this suit back to state court is denied.[2]

I.  **Factual Background**

Kerr, the plaintiff, seeks damages from an alleged incident which occurred on October 4, 2010, where through theft and destruction, he claims he lost his 2010 Alpha 2011 SCX Bass Boat with a Mercury 250 Pro XS Engine along with numerous Kisler rods, reels, and tackle. Plaintiff initially filed this suit against State Farm in the 21st Judicial District Court for the Parish of Livingston claiming damages for the above property loss plus lost

---

[1]Rec. Doc. Nos. 3, 6.

[2]The Court has considered all of the contentions of the partes whether specifically discussed herein or not.

47278

wages, mental anguish, loss of use, and loss of sponsorships along with other unspecified damages. In plaintiff's proof of loss for his insurance claim, the plaintiff signed a statement swearing that the value of his lost boat and its contents was $50,000. He made no mention of the value of his other claims.

Plaintiff accuses State Farm of negligence in assisting with his claim by refusing to abide by their contract and failing to: pay within a reasonable time following a satisfactory proof of loss; to affirm or deny coverage within a reasonable time; and to pay for damages. Defendant timely removed this suit to United States District Court for the Middle District of Louisiana on the basis of diversity jurisdiction. Plaintiff now seeks to remand this case to the Louisiana State Court alleging that this suit does not meet the $75,000 amount in controversy required under 28 U.S.C. § 1332(a)(2006). As noted above, State Farm has filed an opposition to this motion asserting plaintiff's claim does exceed the requisite jurisdictional amount under § 1332.

## II. Law and Analysis

### A. Ambiguous Amount in Controversy

The removing party - in this case State Farm - bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists.[3] However, when plaintiffs do not offer a set

---

[3]*See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335, *rehearing denied,* 70 F.3d 26 (5th Cir. 1995)

amount in their state court petition because a plaintiff in Louisiana State Courts is generally prohibited from stating the amount of damages he seeks in his suit, the Fifth Circuit Court of Appeals has created a method for the removing party to establish that the amount in controversy requirement of § 1332(a) has been met.[4] According to the Fifth Circuit, removal is proper if it is facially apparent that the amount in controversy is over the statutory requirement, or in the absence of facial clarity, the removing party may support federal jurisdiction by setting forth facts that support a finding of the required amount.[5]

It is clear that these jurisdictional facts must be judged at the time of the removal.[6] Upon a finding of subject matter jurisdiction, attempts by the non-moving party to show that the amount in controversy is below the jurisdictional requirement via affidavit, stipulation, or amendment to the pleadings do not generally deprive the court of jurisdiction.[7] Additionally, if at the time of removal it is facially apparent that the amount in controversy exceeds $75,000, then the court need not consider any

---

[4]*See* La. Code Civ. P. 893(A)(1); *Allen*, 63 F.3d at 1335.

[5]*See id.*

[6]*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[7]*See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

additional affidavits.[8] However, if the amount in controversy is not facially apparent from the state court petition, then post-removal affidavits may be considered by the Court in determining whether removal was proper.[9]

If the moving party can produce a preponderance of the evidence to show that the amount in controversy requirement is met, the non-moving party must prove to a legal certainty that the amount in controversy does not exceed $75,000.[10] As a means of providing this proof, a non-moving party "must file a binding stipulation or affidavit *with the complaint*" in order to defeat removal because once removed all later filings are irrelevant.[11]

Additionally, while the Louisiana Code of Civil Procedure generally prohibits a plaintiff from including the amount of damages in the complaint, it creates an exception for situations when the amount in controversy is "necessary to establish . . . the lack of jurisdiction of the federal court."[12] When an ambiguous

---

[8]*See Asociacion National de Pescadores a Pequena Escalal O Artesanales de Columbia (ANPAC) v. Dow Quimica de Columbia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993).

[9]*See id.*

[10]*See St. Paul Mercury,* at 289; *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).

[11]*De Aguilar,* 47 F.3d at 1412 (quoting *In Re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992)).

[12]La. Code Civ. P. 893(A)(1).

amount could create federal jurisdiction, the state court petition <u>must</u> include a general allegation that it does not meet the federal amount in controversy.[13] In *Chambers Medical Foundation v. Chambers*,[14] the court reasoned that the plaintiff had, "in effect, conceded" that the amount in controversy was greater than $75,000 by not alleging that a lesser amount in the original state court suit.[15] With this tacit concession, the court assumed that the damages sought by the plaintiff exceeded $75,000.[16]

Here, the plaintiff either violated state law or effectually conceded that the amount in controversy was met by not including an allegation in his state court petition that the claim did not exceed $75,000. Even without this concession, the Court finds the removal was proper because the complaint on its face exceeds the amount in controversy. According to the plaintiff's own insurance claim, the loss of his property alone cost $50,000. Should the plaintiff also be awarded damages on all his other claims, including lost wages, mental anguish, loss of use, and loss of sponsorships, the amount awarded would more than likely be in excess of the additional mount required to satisfy the amount in controversy requirement of § 1332.

---

[13]*See id.*

[14]2006 WL 1895479 (W.D. La. Jan. 23, 2006).

[15]*See id.* at *2 n. 3.

[16]*See id.*

Also, even if this amount in controversy were not facially apparent and the defendant had only shown that by a preponderance of the evidence the amount in controversy exceeded $75,000, the plaintiff failed to file the necessary affidavits or stipulations with the complaint as required by *De Aguilar*. Coincidentally, these same stipulations or affidavits would have prevented the plaintiff from conceding this issue under the Louisiana Civil Code. The plaintiff's affidavits and stipulations to this effect filed after removal to federal court are irrelevant. By choosing not to limit his damages sought via affidavit, stipulation, or allegation in his state court petition, the plaintiff opened himself up to the possibility of removal to federal court.

### III. Conclusion

Since the defendant has carried its burden of proving plaintiff's claim is in excess of $75,000, and the parties are diverse, the Court has proper subject matter jurisdiction under 28 U.S.C. § 1332.

Therefore:

IT IS ORDERED that Kerr's motion to remand[17] be and it is hereby denied.

Baton Rouge, Louisiana, May 31, 2011.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[17]Rec. Doc. No. 3.