UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN KERR

VERSUS

STATE FARM FIRE & CASUALTY
COMPANY

CIVIL ACTION

NUMBER 11-113-FJP-CN


**RULING**

State Farm Fire & Casualty Company ("State Farm"), the
defendant, has filed a Motion for Summary Judgment.[1]    The
plaintiff, John Kerr ("Plaintiff or Kerr"), has filed an opposition
to this motion.[2]    The Court held oral argument on the pending
motion for summary judgment on November 2, 2011.  Following the
oral argument, the Court ordered that supplemental briefs be filed
by the parties.[3]  After reviewing the entire record and considering
the oral argument of the parties and for the reasons which follow,
defendant's motion for summary judgment is granted and plaintiff's
claims are dismissed with prejudice.

## I.    Factual Background

Kerr filed a claim against State Farm based on the alleged

---

[1]Rec. Doc. No. 13.

[2]Rec. Doc. No. 14.

[3]Rec. Doc. Nos. 23 & 26.

disappearance of a boat, motor, trailer, and contents from his home. Plaintiff contends that on or about October 4, 2010, these items disappeared from next to his mobile home in Livingston Parish. The boat and other items have never been found.

After Kerr filed a claim with State Farm, State Farm began to investigate the claim and requested to take an examination under oath ("EUO") in accordance with the terms of the policy. The EUO was scheduled as permitted under the policy, but before it took place, Kerr advised State Farm that he was contacting an attorney and the EUO would be cancelled. Reasonable efforts were made by State Farm to reschedule the EUO, but plaintiff never agreed to or appeared for the EUO nor did the plaintiff produce the documents requested by State Farm. Rather than complying with the terms of the policy, Kerr filed this lawsuit. In response to plaintiff's suit, State Farm claims that Kerr has breached the terms of the insurance contract and his suit should be dismissed with prejudice.

State Farm contends it is entitled to summary judgment as a matter of law under the facts of this case based on Kerr's failure to comply with the policy because plaintiff failed to submit to an EUO and produce documents which were requested by State Farm in accordance with the terms of the insurance contract between the parties. State Farm also argues that under Louisiana law, an insured's failure to cooperate with the insurer as required by the terms of the policy has been held to be a material breach of the

insurance contract and an affirmative and valid defense to a suit filed pursuant to the policy. In other words, State Farm claims that Kerr's failure to give the EUO and produce the documents, when requested, is a bar to plaintiff's claim.

In response to State Farm's motion for summary judgment, Kerr contends that after reporting his loss to State Farm, he promptly filled out the loss documentation given to him by State Farm, had the documents notarized, and returned them to State Farm. Plaintiff argues he did not refuse to answer any questions asked of him by any of the State Farm employees with whom he was in contact during the investigation. Kerr acknowledges he received the demand for an EUO a few weeks after having received a letter from State Farm indicating that the insurer may not have a duty to pay under the policy if State Farm's investigation led to the discovery of concealment or fraud on the part of the policy holder. After receiving this communication, Kerr contends he believed State Farm was accusing him of fraud before formally requesting an EUO. When Kerr attempted to discuss this matter with State Farm agents, he claims he was dissatisfied with their answers and how his claim was being handled. Plaintiff also contends he was concerned about a potential conflict of interest as Kerr's best friend had previously dated one of the State Farm investigators on his claim. Having already believed he had been accused of fraud by State Farm, Kerr did not submit to an EUO or produce the documents but retained

counsel and filed this lawsuit.

## II. **Law and Analysis**

### A. **Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[5]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[6]  If the moving party "fails to meet this initial burden, the motion must be denied,

---

[4]Fed. R. Civ. P. 56(c);  *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996);  *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[5]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[6]*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (*quoting Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

Doc#47636                                        4

regardless of the nonmovant's response."[7]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[8] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[9] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[10] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[11] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for

---

[7]*Id.* at 1075.

[8]*Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[9]*Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

[10]*Wallace*, 80 F.3d at 1048 (*quoting Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[11]*McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

trial.[12]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[13]

**B.    The Relevant Policy Provisions[14]**

The Court must look at the specific language of Kerr's insurance policy with State Farm to make proper determinations of the issues in this case.  The relevant policy provisions state as follows:

CONDITIONS

\*\*\*

2. **Your Duties After Loss**.  After a loss to which the insurance may apply, you shall see that the following duties are performed:

\*\*\*

    d.  as often as we reasonably require:

        1)   exhibit the damaged property;

---

[12]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

[13]*Id.* at 248, 106 S.Ct. at 2510.

[14]Rec. Doc. No. 13-1.

> 2) provide us with records and documents we request and permit us to make copies; and
>
> 3) submit to examinations under oath, while not in the presence of any other insured, and sign the same;

(Page 4 of Policy)

\*\*\*

> 6. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss of damages.

(Page 5 of Policy)

## C. Analysis

Louisiana law instructs that "failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy..."[15]  As the district court for the Eastern District of Louisiana recently stated:

> "[T]he failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy."[16]  Such failure may be the result of the misplaced arrogance of

---

[15]*Mosadegh v. State Farm Fire and Casualty Co.*, 330 Fed. Appx. 65, 66, (5th Cir. 2009)(citing *Lee v. United Fire & Casualty Co.*, 607 So.2d 685, 688 (La. App. 4 Cir. 1992); *Robbert v. Equitable Life Assur. Soc.*, 217 La. 325, 343, 46 So.2d 286 (La. 1950)).

[16]*Spindel v. Bankers Specialty Insurance Company*, 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010),quoting *Lee*, 607 So.2d at 688.

counsel, or the recalcitrance of the litigant. It may be "manifested by a refusal to produce documents."[17] As noted by one court, "[a]n outright refusal to submit to an examination is the easy case."[18] Note, however, that "[w]hen an insurer denies liability for a claim, it abandons its right to compel the claimant to comply with the preliminary provisions of the policy."[19]

An insurer "must also show that it has been prejudiced by the failure of the plaintiffs to submit to examination under oath."[20] An insurer can meets it burden of establishing actual prejudice by establishing "that it is unable to obtain information while it is still fresh [and that] it cannot inspect the subject property in a timely fashion after receiving information from an examination under oath."[21]

Of importance, Louisiana courts have also observed that:

[A] cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability. It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.[22]

---

[17]*Id.*, quoting *Lee*, 607 So.2d at 688.

[18]*Id.*, quoting *Lee*, 607 So.2d at 688.

[19]*Id.*, quoting *Mosadegh v. State Farm Fire and Casualty* Co., 2008 WL 4544361, at *3 (E.D. La. Oct. 8, 2008), *aff'd*, 330 Fed. Appx 65 (5th Cir. 2009)(quoting *Patterson v. Liberty Lloyds Ins. Co.*, 96-2168 (La. App. 4 Cir. 3/26/97), 692 So.2d 17, 19.

[20]*Id.* at *4.

[21]*Id.*

[22]*Jackson v. State Farm Fire & Cas. Co.*, No. 06-7202, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010).

In fact, dismissal of a suit before trial because of the breach of a cooperation clause has been held to be "a draconian remedy which [courts] do not ordinarily favor."[23] An insurer may be relieved of liability only if the breach of the cooperation clause is material and prejudicial.[24] The burden of proving "actual prejudice" falls on the insurer.[25] The Court now turns to the contentions of the parties and the application of relevant case law to the facts of this case.

Plaintiff argues that State Farm's Reservation of Rights letter mailed to him prior to the request for an EUO was essentially an accusation of fraud by State Farm. Plaintiff stated that he "felt" accused of fraud after receiving this communication. This perceived accusation is apparently what prompted plaintiff to hire an attorney and file suit rather than agree to submit to an EUO.

State Farm counters that the "Reservation of Rights" letter is normal and customary and was not a denial of plaintiff's claim. The letter simply put plaintiff on notice of State Farm's investigation of the matter and the potential denial of his claim

---

[23]*Lee*, 607 So.2d at 685.

[24]*Id.*, citing *Williams v. Lowe*, 02-355, (La. App. 5 Cir. 10/16/02) 831 So.2d 334, 336; *Desadier v. Safeway Ins. Co.*, 712 So.2d 925, 928 (La. App. 3 Cir. 1998)(emphasis added).

[25]*Trosclair v. CNA Ins. Co.*, 637 So.2d 1168, 1170 (La. App. 4 Cir. 1994).

in the case of fraud. State Farm argues that the letter did not accuse plaintiff of fraud and was not a denial of his claim. Plaintiff notified State Farm that he hired an attorney. State Farm notes it never objected to plaintiff having an attorney present for an EUO; however, once Kerr was represented by an attorney, all efforts to schedule the EUO were avoided despite the EUO being contractually required.

In his supplemental brief submitted after oral argument on this motion, plaintiff implies for the first time that the term "examination under oath" is vague or confusing as it is undefined in the policy. Plaintiff contends that the sworn statement of reasons he initially gave to State Farm constitutes an EUO. Even if this is the case, the policy required the plaintiff to submit to an EUO "as often as reasonably required." Plaintiff has offered no evidence to suggest that the request for an EUO by State Farm is or was unreasonable under the facts and circumstances of this case. The Court also finds this argument disingenuous because it is clear to the Court that in plaintiff's first opposition brief and in the arguments made by plaintiff's counsel at oral argument the plaintiff was not confused by the term and fully understood what was being requested of him by State Farm. Plaintiff's counsel repeatedly stated to the Court that plaintiff "felt" like he had been accused of fraud. Plaintiff claims this was the reason for his refusing the examination under oath. Such a belief or

contention is without merit and in contravention of the clear language of the policy. Plaintiff's intentional refusal and failure to cooperate in appearing and giving an EUO was a material breach of the contract of insurance.

Recent jurisprudence from the Fifth Circuit and the district court for the Eastern District of Louisiana is especially instructive in this case. In *Mosadegh v. State Farm Fire & Casualty Company*, plaintiffs had made claims on their homeowners and flood insurance policies for damage sustained due to Hurricane Katrina.[26] State Farm had paid some portions of the claim to plaintiffs pursuant to the homeowners and flood policies. At some point, State Farm claimed plaintiffs provided inconsistent and incomplete information and therefore requested plaintiffs submit to an EUO. The EUO was scheduled and plaintiffs were advised their attorney was welcome to attend the EUO. State Farm also sent plaintiffs a standard "Reservation of Rights" letter on both the homeowners and flood policies, which stated: "State Farm ... *may* have no duty to pay, indemnify, defend, or otherwise perform under the policy referenced above" in the case of fraud.[27]

Plaintiffs failed to appear for their EUOs without any notice to State Farm. State Farm received a letter from plaintiffs' attorney asserting that since State Farm had denied the Mosadeghs'

---

[26] 2008 WL 4544361 (E.D. La. Oct. 8, 2008).

[27] *Id.* at *1 (emphasis in original).

claims, plaintiffs no longer had a duty to cooperate. Plaintiffs'
counsel advised State Farm that plaintiffs might submit to an EUO
if State Farm produced their complete file and identified any
defenses it intended to use to deny or adjust their claims.[28]

State Farm responded to these assertions by letter notifying
plaintiffs that the "Reservation of Rights" letters were not
denials of the claims. The letter further stated that State Farm
was not required under the policy to supply plaintiffs with a
claims file. State Farm then requested plaintiffs to reschedule
the EUOs before their claims prescribed. Instead of appearing for
the rescheduled EUOs, plaintiffs' counsel notified State Farm the
matter was in litigation.[29]

State Farm moved for summary judgment on the grounds that the
Mosadeghs failed to cooperate with the insurer and thus materially
breached their contract. The court found that plaintiffs failed to
fulfill the requirements of the homeowners policy under which they
sued, stating:

> The letters the plaintiffs invoke clearly do not deny any
> claims; they merely state that the insurer "may" have no
> duty to pay and referring the plaintiffs to language
> already contained in their policy. While the language
> does refer to denying claims because of fraud, there is
> nothing in the letter to suggest that State Farm was
> actually denying the claim at that point. Further, State
> Farm sent another letter immediately after receiving
> notice from the plaintiff's attorney and made clear that

---

[28]*Id.*

[29]*Id.*, at *2.

State Farm was not denying the Mosadeghs' claims.[30]

The court was also not persuaded by plaintiffs' contentions, which were similar if not the same as that urged by Kerr in this case, stating:

> The Court notes that "[t]he purpose of the oral examination of the insured is to protect the insurer against fraud, by permitting it to probe into the circumstances of the loss, including an examination of the insured...." *Mier v. Niagara Fire Ins. Co.*, 205 F.Supp. 108, 110 (W.D. La. 1962) This is exactly what State Farm was attempting to do. **Plaintiffs' claim that they did not want to submit to an examination because the defendant wanted to probe into possible fraud is a patently limp basis for their refusal.**[31]

However, the above finding did not end the inquiry for the *Mosadegh* court. The court stated that "[t]he defendant must also show that it has been prejudiced by the failure of the plaintiffs to submit to examinations under oath."[32] The court further noted: "'The burden is on the insurer to show actual prejudice.'[33] The defendant has done so on this record. The defendant asserts that it is unable to obtain information while it is still fresh; it cannot inspect the subject property in a timely fashion after

---

[30]*Id.*, at *3.

[31]*Id.* (emphasis added).

[32]*Id.*, at *4, citing *Trosclair,* 637 So.2d at 1170.

[33]*Id.*, quoting *Trosclair*, 637 So.2d at 1170.

receiving information from an EUO."[34]

The *Mosadegh* court made reference to *Wright v. Allstate Insurance Co.*, which held that summary judgment was not appropriate where a plaintiff had failed to submit to an examination under oath, but was later, as stated in a sworn affidavit, willing to submit to a deposition.[35] The *Mosadegh* court distinguished the *Wright* case stating that "[t]he court in *Wright* also found that the plaintiff had submitted 'reasonable explanations' for her failure to cooperate."[36] The *Mosadegh* court then specifically found that the Mosadeghs had not evidenced a willingness to submit to a deposition but rather insisted on State Farm compelling them to be deposed. Additionally, the court noted that "the Mosadeghs did not provide any excuse for their failure to show up for the EUOs; only after the fact have they asserted that it was because they believed State Farm had denied their claims. They made no effort to reschedule the EUOs after State Farm assured their claims were not being denied. They have provided no 'reasonable explanations' for

---

[34]*Id.*, citing *Holden v. Connex-Metalna Mgmt. Consulting,* 2000 WL 1741839, *2 (E.D. La. 11/2/00) ("[C]ooperation clauses fulfill the reasonable purpose of 'enabling the insurer to obtain relevant information concerning the loss while the information is fresh.'")(quoting 14 *Couch on Insurance* § 199:4)).

[35]*Id.* citing *Wright*,, 2006 WL 3524030, *3 (W.D. La. 12/5/06).

[36]*Id.*, quoting *Wright*, at *3.

their lack of cooperation."[37]

The Mosadeghs appealed this ruling to the Fifth Circuit, which affirmed the district court's grant of summary judgment.[38] On appeal, the Mosadeghs again argued that State Farm sent them letters denying coverage prior to the scheduled EUOs, which justified their absence. The Fifth Circuit affirmed the lower court's ruling that the reservation of rights letters were not a denial of claims but rather a notice of potential denial should fraud be found, and notice that State Farm was still in the process of analyzing the claims. The Fifth Circuit held, "[o]n their face, the letters did not deny coverage and did not justify the Mosadegh's [sic] failure to submit to an examination under oath."[39] The Fifth Circuit continued:

> Because Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy, the Mosadegh's [sic] failure served as a basis on which to grant State Farm's summary judgment motion.[40]

The Fifth Circuit also addressed the Mosadeghs' challenge to the lower court's finding of prejudice by State Farm. State Farm

---

[37]*Id.*, at *5.

[38]*Mosadegh v. State Farm Fire and Casualty Co.*, 330 Fed. Appx. 65, 2009 WL 1362830 (5th Cir. May 15, 2009).

[39]*Id.*

[40]*Id.*, citing *Lee v. United Fire & Casualty Co.*, 607 So.2d 685, 688 (La. App. 4 Cir. 1992); *Robbert v. Equitable Life Assur. Soc.*, 217 La. 325, 343, 46 So.2d 286 (La. 1950).

suggested it was not even required under Louisiana law to show prejudice. The court stated: "We do not pause on that Louisiana law question, because State Farm has certainly demonstrated prejudice to its investigation and adjustment capacity through the Mosadeghs' unwillingness to submit to the required examinations, as the district court held."[41]

While this Court is inclined to agree with other Louisiana district courts that prejudice is required to be shown,[42] the Court will follow the Fifth Circuit's holding in *Mosadegh*. In short, the Court finds it is not necessary for it to find that the insurer must show prejudice because State Farm has clearly shown it was prejudiced under the facts and circumstances of this case.

First, the Court finds that State Farm was deprived of its right under the contract to take an examination under oath and was

---

[41] *Id.*

[42] *See e.g.*, *Hamilton v. State Farm Fire & Casualty Company*, 2011 WL 5078963, *2 (E.D. La. Oct. 24, 2011)("... 'as [t]he burden is on the insurer to show actual prejudice'"); *Dennis v. Allstate Insurance Company*, 2011 WL 870508, *1 (E.D. La. Mar. 10, 2011)("The Court explained that under Louisiana law, an insured's refusal to submit to an examination under oath precludes recovery only if it causes prejudice to the insurer."); *Rodriguez v. Southern Fidelity Insurance Company*, 2011 WL 743461, *3 (E.D. La. Feb. 23, 2011)("An insurer may be relieved of liability only if the breach of the cooperation clause is material and prejudicial. The burden of proving 'actual prejudice' falls on the insurer."); *Spindel v. Bankers Specialty Insurance Company*, 2010 WL 5439706, *2 (E.D. La. Dec. 28, 2010)("The [insurer] must also show that is has been prejudiced by the failure of the plaintiffs to submit to an examination under oath.").

therefore also deprived of the right to properly and thoroughly investigate the claim. Further, the Court agrees with State Farm that it was prejudiced by the denial of any meaningful opportunity to settle meritorious claims prior to facing suit and by its potential exposure to a bad faith action. State Farm contends by plaintiff's refusal to submit to an EUO, it lost the right to properly investigate and evaluate the claim and potentially settle the claim prior to suit to avoid the expense, time, and effort of litigation. State Farm also argues it has been further prejudiced by plaintiff's allegations that State Farm is in bad faith.

The affidavits submitted by State Farm provide support for its claim of prejudice. Affiant Kara Carpenter, Claim Team Manager in the Special Investigative Unit for State Farm, testified regarding plaintiff's claim, in pertinent part, as follows:

> 2) ... This matter was transferred to the Special Investigative Unit due to certain issues that arose during the investigation of the claim.[43]
>
> * * *
>
> 4) In accordance with the terms and conditions of the contract of insurance under which Mr. Kerr made a claim against the State Farm Fire and Casualty Company, a request was made of Kerr to provide information in the form of documents, as well as provide an examination under oath. These steps were necessary in order to investigate this claim.[44]
>
> * * *

---

[43]Affidavit of Kara Carpenter, Rec. Doc. No. 13-2, p. 1.

[44]*Id.*

6)   Mr. Kerr did not appear for an examination under oath and did not produce the documents that State Farm requested that he provide.[45]

* * *

8)   The examination under oath and the request to produce documents were material to our overall consideration of the claim of Mr. Kerr. The failure on the part of Mr. Kerr to comply with the terms and conditions of the contract of insurance prejudiced State Farm's ability to complete the investigation of the claim. An examination under oath with the production of documents is an essential tool in the investigation process. It allows us to ask questions, and receive information, early on in the investigation of the claim. That is at a time period when information is fresh in the minds of the insured such as their whereabouts on certain dates and times, the condition of the items for which [the insured] is making a claim, financial status, loan status, information on telephone usage, information that can be derived from telephones such as text messages, possibly emails, and other pertinent information.[46]

Affiant Kendra Bradford, another employee of the Special Investigative Unit of State Farm, testified:

* * *

3)   In connection with the investigation of Mr. Kerr's claim, I determined that I needed Mr. Kerr to provide documents and records and give an examination under oath as provided in the policy of insurance. It was felt that this was necessary because the claim was such that Mr. Kerr was claiming the boat, motor, trailer and contents were stolen next to a mobile home which Mr. Kerr had just moved out of, there were questions raised as to whether this was a legitimate theft, as well as

---

[45]*Id.* at p. 2

[46]*Id.*

whether there were issues of motive and opportunity to commit fraud. The boat, motor, trailer and contents to my knowledge have never been recovered. Ascertaining the facts and events around the date of loss, information regarding the boat/motor/trailer/equipment, information regarding financial status, information regarding those who may have been in contact with Kerr, and what information those persons may know, and other information was particularly critical to the investigation. It is not to suggest that these are all the reasons why the examination under oath and production of documents was necessary, however it was certainly felt that it was necessary in order to advance the investigation and address this while it was fresh in the minds of Mr. Kerr. This is also critical to contact other people who may have been in contact with Kerr and could express information about the claim, while information is fresh in their minds. We have also learned that electronic information can at times be obtained, and indeed it at times can be preserved, however to do so, it must be done early on.[47]

* * *

6)   ...The examination did not go forward because Mr. Kerr advised that he wanted to retain counsel.[48]

7)   ...Mr. Kerr never gave his examination under oath, and never produced the documents that he was asked to bring for his examination under oath.[49]

8)   The information requested of Mr. Kerr as well as the examination under oath were essential to the investigation of the claim. Mr. Kerr failed to provide the information requested and failed to give an examination under oath.[50]

---

[47]Affidavit of Kendra Bradford, Rec. Doc. No. 13-3, pp.1-2.

[48]*Id.* at p. 2.

[49]*Id.*

[50]*Id.*

9)     For the reasons set forth above, the investigation
efforts were material to my overall investigation
of the claim and the failure on the part of Mr.
Kerr to comply with the terms and conditions of the
contract of insurance prejudiced my ability to
complete the investigation of the claim.  In a
claim of this nature, timing is important.  It is
critical to be able to learn information and obtain
information at such time as the information is
readily available, can be secured, information can
be obtained from persons when details about time,
place, and others present is fresh in that person's
mind.  Being able to take an examination under oath
early on leads to the ability to contact other
individuals to see if stories are similar about
events and this is typically only successful if it
can be done early on.  I have also learned that
information such as text messaging which may be
relevant is over ridden in electronic devices with
time.  The ability to investigate and investigate
early is critical.  Thus the inability to perfect
and complete this investigation substantially
prejudiced our investigation.[51]

The affidavits of the State Farm employees who were attempting

to investigate plaintiff's claim clearly establish that State Farm

was prejudiced by plaintiff's failure to submit to an examination

under oath as required by the policy.  Plaintiff has failed to

present any summary judgment evidence which would controvert State

Farm's proof of prejudice or even create a material issue of fact

which would require the Court to deny State Farm's motion for

summary judgment.  Therefore, the Court finds that summary judgment

shall be granted under the law and facts of this case in favor of

State Farm dismissing plaintiff's claims with prejudice.

---

[51]*Id.* at pp. 2-3.

## III. Conclusion[52]

For the reasons set forth above, the Court finds that the plaintiff materially breached the contract of insurance by failing to cooperate in submitting to an examination under oath as required by the contract. The Court further finds that assuming without specifically finding that State Farm must show it was prejudiced, State Farm has shown it suffered significant prejudice to its investigation as a result of plaintiff's breach. Thus, summary judgment shall be granted in favor of State Farm as a matter of law under the facts of this case.

Therefore:

IT IS ORDERED that State Farm's motion for summary judgment shall be granted and plaintiff's claims shall be dismissed with prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, March 7, 2012.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[52]The Court has considered all of the contentions of the parties whether or not specifically addressed herein.